

FILED
CLERK, U.S. DISTRICT COURT
09/21/21
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:21-cr-00444-RGK |
|---|---|
| Plaintiff, | <u>I N D I C T M E N T</u> |
| v. | [18 U.S.C. § 922(o)(1): Possession of a Machinegun; 18 U.S.C. §§ 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| THOMAS SULLIVAN MANGUM, | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(o)(1)]

On or about July 8, 2021, in Santa Barbara County, within the Central District of California, defendant THOMAS SULLIVAN MANGUM knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), namely, a .308 Winchester caliber privately manufactured rifle, bearing no serial number (commonly referred to as a "ghost gun"), equipped with a Heckler and Koch, G3-type machinegun trigger mechanism, which defendant MANGUM knew to be a machinegun.

|     |     |
| --- | --- |
| 1   | FORFEITURE ALLEGATION |
| 2   | [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)] |
| 3   | 1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal |
| 4   | Procedure, notice is hereby given that the United States of America |
| 5   | will seek forfeiture as part of any sentence, pursuant to Title 18, |
| 6   | United States Code, Section 924(d)(1), and Title 28, United States |
| 7   | Code, Section 2461(c), in the event of the defendant's conviction of |
| 8   | the offense set forth in this Indictment. |
| 9   | 2.   The defendant, if so convicted, shall forfeit to the United |
| 10  | States of America the following: |
| 11  | (a)   All right, title, and interest in any firearm or |
| 12  | ammunition involved in or or used in any such offense, including but |
| 13  | not limited to the following: a .308 Winchester caliber privately |
| 14  | manufactured rifle, bearing no serial number, equipped with a Heckler |
| 15  | and Koch, G3-type machinegun trigger mechanism; |
| 16  | (b)   To the extent such property is not available for |
| 17  | forfeiture, a sum of money equal to the total value of the property |
| 18  | described in subparagraph (a). |
| 19  | 3.   Pursuant to Title 21, United States Code, Section 853(p), |
| 20  | as incorporated by Title 28, United States Code, Section 2461(c), the |
| 21  | defendant, if so convicted, shall forfeit substitute property, up to |
| 22  | the value of the property described in the preceding paragraph if, as |
| 23  | the result of any act or omission of the defendant, the property |
| 24  | described in the preceding paragraph or any portion thereof (a) |
| 25  | cannot be located upon the exercise of due diligence; (b) has been |
| 26  | transferred, sold to, or deposited with a third party; (c) has been |
| 27  | // |
| 28  | // |

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

ASHLEY FILLMORE
Assistant United States Attorney
General Crimes Section